WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Darrel Eston Lee,<br><br>               Petitioner,<br><br>v.<br><br>Charles L. Ryan, et al.,<br><br>               Respondents. | No. CV-04-0039-PHX-JJT<br><br>DEATH PENALTY CASE<br><br>ORDER |

Before the Court is Respondents' Motion to Strike Exhibits. (Doc. 129.) Pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, Respondents move to strike the exhibits attached to Petitioner's supplemental reply brief. (Doc. 128.) Petitioner opposes the motion. (Doc. 130.)

This case was remanded by the Ninth Circuit Court of Appeals, which ordered the Court, in the light of intervening law,[1] to reconsider Claim 2 and to address whether reconsideration is warranted as to Claims 9(A) and 9(D). (Doc. 109.)

Petitioner filed his supplemental *Martinez* brief on September 4, 2015. (Doc. 120.) Respondents filed their response on November 24, 2015, to which Petitioner replied on January 27, 2016. (Docs. 124, 128.) Petitioner attached three exhibits to his reply brief: a report by Dr. Barry Morenz, dated January 21, 2016, which is an addendum to his report of August 24, 2015; a declaration of Dr. Kenneth Benedict, dated January 20, 2016; and a

---

[1] *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), and *Dickens v. Ryan*, 740 F.3d 1392 (9th Cir. 2014) (en banc).

1  copy of the American Psychological Association's "Ethical Principles of Psychologists
2  and Code of Conduct." (Doc. 128-1.) Dr. Morenz's addendum addresses arguments made
3  in Respondents' response brief challenging his previous expert testimony. Dr. Benedict's
4  declaration criticizes the methodology and conclusions reached by Dr. Michael Bayless
5  in 1993 and Dr. James Youngjohn in 2002, who each diagnosed Petitioner with anti-
6  social personality disorder.

7  Respondents contend that it is inappropriate to raise new facts and arguments in a
8  reply brief and that the Court should strike the new exhibits because they constitute an
9  improper attempt to expand the record in violation of Rule 7 of the Rules Governing
10 Section 2254 Cases. (Doc. 129 at 3; Doc. 131 at 6–7.) Rule 7(c) provides that the judge
11 "must give the party against whom the additional materials are offered an opportunity to
12 admit or deny their correctness."

13 Petitioner did not move to expand the record to include the exhibits attached to his
14 reply brief. However, he did move to expand the record under Rule 7 to include the
15 exhibits attached to his supplemental *Martinez* brief (Doc. 120 at 76–77), and
16 Respondents did not object to that limited expansion of the record (Doc. 124 at 1).
17 Although Petitioner now contends that Rule 7 does not apply for purposes of the cause
18 and prejudice analysis under *Martinez* and *Dickens*, he does "not object to Respondents'
19 production of additional evidence at this stage of the proceeding." (Doc. 130 at 5–6, 13.)

20 Respondents do not request an opportunity to file a surreply. Nevertheless, at this
21 point in the case, before the Court has determined whether additional evidentiary
22 development is warranted, the Court finds that allowing Respondents an opportunity to
23 reply to the new materials, rather than striking the exhibits, is the most appropriate
24 course.

25 Accordingly,
26 **IT IS ORDERED** denying Respondents' Motion to Strike Exhibits (Doc. 129).
27 ///
28 ///

**IT IS FURTHER ORDERED** that Respondents may file a surreply no later than March 25, 2016.

Dated this 7th day of March, 2016.

Honorable John J. Tuchi
United States District Judge