**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Darrel Easton Lee, | No. CV-04-0039-PHX-JTT |
| Petitioner, | <u>DEATH PENALTY CASE</u> |
| v. | |
| Charles L. Ryan, *et al.*, | **ORDER** |
| Respondents. | |

Before the Court is Petitioner Darrel Lee's Motion for Reconsideration. (Doc. 39.) Pursuant to Local Rule 7.2(g) of the Local Rules of Civil Procedure, Lee asks the Court to reconsider its order denying reconsideration of Claims 9(A) and 9(D) of Lee's habeas petition. He also asks the Court to expand the record to include a new expert report.

On remand from the Ninth Circuit Court of Appeals, this court addressed, in the light of intervening law, three claims of ineffective assistance of trial counsel, including Claims 9(A) and 9(D). Applying *Martinez v. Ryan*, 566 U.S. 1 (2012), and *Dickens v. Ryan*, 740 F.3d 1302 (9th Cir. 2014) (en banc), the Court found that Claims 9(A) and 9(D), which had been raised and denied on the merits in state court, were not fundamentally altered, and therefore rendered unexhausted, by new evidence presented in these habeas proceedings. (Doc. 138.)

Motions for reconsideration are disfavored and should be denied "absent a showing of manifest error or of new facts or legal authority." L. R. Civ. P. 7.2(g). A motion for reconsideration may not repeat arguments made in support of or in opposition to the

motion that resulted in the order for which the party seeks reconsideration. *Id.* Lee contends the Court misapplied *Dickens* and, with respect to Claim 9(A), underestimated the import of the new evidence. He also presents new evidence in support of Claim 9(D). The new evidence is a declaration dated April 22, 2019, by Dr. John Edens, a psychologist. (Doc. 138, Ex. 1.)

## DISCUSSION

For claims that were adjudicated on the merits in state court, like Claims 9(A) and 9(D), federal habeas review "is limited to the record that was before the state court." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011). In *Dickens*, the Ninth Circuit ruled that *Pinholster* does not apply to a claim that has been "fundamentally altered" by new evidence because such a claim was not adjudicated on the merits in state court. 740 F.3d at 1320. The claim is therefore unexhausted, defaulted, and subject to analysis under *Martinez*.[1] *Id.* at 1318. Under *Dickens*, a claim has not been exhausted in state court if the new evidence fundamentally alters the legal claim considered by the state court or places the case in a significantly different and stronger evidentiary posture than it was when the state court considered it. *Id.* at 1318–19.

A claim of ineffective assistance of counsel is not fundamentally altered by new factual allegations related to the specific claim raised in state court. *See Moormann v. Schriro*, 426 F.3d 1044, 1056 (9th Cir. 2005) ("[T]his rule allows a petitioner who presented a particular claim, for example that counsel was ineffective in presenting humanizing testimony at sentencing, to develop additional facts supporting that particular claim."); *see also Gulbrandson v. Ryan*, 738 F.3d 976, 992 (9th Cir. 2013); *Escamilla v. Stephens*, 749 F.3d 380, 395 (5th Cir. 2014).

**Claim 9(A):**

In Claim 9(A), Lee alleged that trial counsel Politi performed ineffectively by presenting an alibi defense he knew was false. The Court denied the claim on the merits.

---

[1] Under *Martinez*, the ineffective assistance of post-conviction counsel can excuse the default of a claim of ineffective assistance of trial counsel. 566 U.S. at 11–14.

(Doc. 93 at 33–48.) On remand, Lee argued that new evidence rendered the claim fundamentally altered, unexhausted, and subject to review under *Martinez*. (Doc. 120 at 16.) The new evidence included the transcript of an interview between the prosecutor, Suskin, and Lee's father. During the interview Suskin stated that Lee had admitted to him that he was present when the crimes were committed. The new evidence also included a statement from Suskin that he had no independent recollection of Lee telling him and Politi that he was present at the crime but in light of the interview transcript, "it is more likely than not that Darrel Lee informed me and Mr. Politi that he was present when the homicide was committed." According to Lee, this evidence shows that Politi knew he was presenting a false alibi defense.

The Court found that the new evidence "provide[d] additional circumstantial support for [Lee's] allegation that he told Politi of his involvement in the crimes. The allegation itself, while somewhat stronger, is not altered at all, *nor is its posture significantly different.*" (Doc. 138 at 9 (emphasis added).) The Court did not, as Lee asserts, "violate[] the second prong of the test of *Dickens*" but instead found that adding the new evidence to the claim heard by the state court did not place the claim in a significantly different posture under the analysis provided in *Dickens*. Lee's disagreement with that assessment is not grounds for reconsideration under L.R. Civ. P. 7.2(g).

**Claim 9(D):**

As relevant here, in Claim 9(D) Lee alleged that counsel performed ineffectively at sentencing by failing to investigate and present available mitigating evidence, including evidence that Lee was suffering from Cocaine Withdrawal Syndrome, as opposed to cocaine intoxication, when he and his codefendant kidnapped the victim. The Court rejected Claim 9(D) on the merits. (Doc. 93 at 48–72.)

In his motion for reconsideration, Lee asserts that the Court failed to "address[] how significantly different and stronger Lee's IAC claim became with new, uncontroverted evidence that Lee suffered from Cocaine Withdrawal Syndrome." (Doc. 139 at 5.) This

1 simply restates the argument made in Lee's supplemental *Martinez* brief and rejected by

2 the Court.

3     In its order denying reconsideration, the Court discussed the fact that the state court

4 was presented with evidence that the purpose of the kidnapping was to get money to buy

5 more cocaine. (Doc. 138 at 12.) During the PCR evidentiary hearing Dr. Morenz testified

6 about Lee's condition at the time of the crime, describing him as "strung out" as the result

7 of a "multi-day binge of using cocaine." (RT 5/21/02 at 12.) Dr. Morenz elaborated:

8
9 > [I] think that the longer Mr. Lee was under the influence of these drugs, the more sleep deprived he was, his thinking became much more fuzzy. He wasn't clearly thinking about what he was going to do next.

10 > . . .

11
12
13 > His sole purpose in life at that point was to use the cocaine. Cocaine is powerfully psychologically addictive; and it's a very difficult sort of addiction to resist; and people can lose themselves in the drug, and that's exactly what Mr. Lee did.

14 (*Id.* at 13.) Like evidence of Cocaine Withdrawal Syndrome, this evidence, presented in

15 support of the A.R.S. § 13-703(G)(1) mitigating factor, "explained Lee's conduct without

16 excusing it." (Doc. 139 at 6.)

17     Adding the label Cocaine Withdrawal Syndrome to the evidence that Lee, having

18 run out of cocaine in the midst of a cocaine binge, desperately wanted more cocaine and

19 was willing to commit serious crimes to obtain it, does not fundamentally alter the claim

20 or place it in a significantly different evidentiary posture. Again, with respect to Lee's drug

21 use and psychological condition, Claim 9(D) was never a "naked *Strickland* claim."

22 *Dickens*, 740 F.3d at 1319. The record before the PCR court contained specific diagnoses

23 from half a dozen mental health experts. If offering new diagnoses to replace the ones that

24 failed in state court were sufficient to fundamentally alter a claim or place it in a

25 significantly stronger posture, it would be impossible under *Dickens* to exhaust a claim of

26 ineffective assistance of counsel at sentencing.

27 . . . .

28 . . . .

**Expansion of the record:**

Lee asks the Court to expand the record to include Dr. Edens' report.[2] The report challenges, on ethical and scientific grounds, the diagnosis reached by Dr. Bayless that Lee suffers from anti-social personality disorder. (Doc. 138 at 11; Ex. 1.) The Court will grant Lee's request to expand the record.

Dr. Edens' report does not affect the Court's analysis of remanded Claim 9(D). Dr. Edens' opinions are directly related to the claim raised in state court. They do not fundamentally alter the claim or place in a different posture the ineffective assistance of counsel claim rejected by the PCR court. The report simply offers evidentiary support for the claim already raised. *See Moormann*, 426 F.3d at 1056; *Escamilla*, 749 F.3d at 395.

## CONCLUSION

The new evidence offered by Lee is directly related to the legal and factual bases of the ineffective assistance of counsel claim raised in state court. It does not fundamentally alter Claims 9(A) or 9(D) or place the claims in a significantly different and stronger evidentiary posture.

Based on the foregoing,

**IT IS ORDERED** that Lee's Motion for Reconsideration (Doc. 138) is **DENIED**. The record will be expanded to include Ex. 1.

Dated this 1st day of May, 2019.

_____
Honorable John J. Tuchi
United States District Judge

---

[2] The report is offered as a substitute for the report prepared Dr. Benedict and attached to Lee's reply brief. (Doc. 128-1, Ex. 2; *see* Doc. 137.)

- 5 -